THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELIO J. LEAL DE LA HOZ, | CASE NO. C17-1362-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| SPRINT CORPORATION, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

*Pro se* Plaintiff Helio J. Leal de la Hoz has been granted leave to proceed *in forma pauperis* in this matter (Dkt. No. 3). The complaint was filed on September 12, 2017 (Dkt. No. 4). Summons has not yet been issued.

Plaintiff alleges facts that appear to raise consumer protection and tort claims. (*Id*.) Plaintiff alleges that he attempted to make a $40 payment on his Sprint bill at a Seattle Sprint location, but when the payment was processed, it was credited to an account not belonging to him. (*Id*.) Plaintiff further alleges that when he immediately brought the mistake to the attention of the clerk who processed the payment and the store manager, they refused to correct the mistake or refund the payment and mistreated him. (*Id*.) Plaintiff now seeks the return of his $40 payment, the cancelation of any outstanding balance on his account, litigation costs, damages for

emotional distress and punitive damages, as well as equitable relief. (*Id.*)

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, disputes of the nature described Plaintiff are typically matters of state law. Plaintiff has not alleged facts sufficient to support diversity jurisdiction in this Court. Plaintiff and Defendant appear to be residents of different states, however, Plaintiff does not plead an amount in controversy. Even where plaintiff and defendant are citizens of different states, diversity jurisdiction does not exist where the amount in controversy is less than $75000. *See* 28 U.S.C. § 1332.

Accordingly the Court ORDERS Plaintiff to show cause why this Court may exercise jurisdiction in this case. Plaintiff may do so by filing an amended complaint within **thirty (30) days** of the issuance of this order. If Plaintiff fails to show that this Court may exercise jurisdiction, dismissal would not preclude Plaintiff from bringing his action in the appropriate Washington State court.

The Clerk shall send a copy of this order to Mr. de la Hoz at 77 S. Washington Street, Seattle, Washington 98104.

DATED this 15th day of September.

<u>William M. McCool</u>
Clerk of Court

<u>s/Tomas Hernandez</u>
Deputy Clerk

MINUTE ORDER C17-1362-JCC
PAGE - 3